CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 10 2005

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL EUGENE MONTGOMERY, ) <br>     Plaintiff,                       ) <br>                                   ) <br> v.                                    ) <br>                                   ) <br> SIA JOHNSON, et al.,       ) <br>     Defendants.            ) | Civil Action No. 7:05cv00131 <br><br> **MEMORANDUM OPINION & ORDER** <br><br> By: Michael F. Urbanski <br> U.S. Magistrate Judge |

This matter is before the court on defendant's motion for reconsideration of this court's October 26, 2005 and November 4, 2005, orders denying defendants' motion for summary judgment and directing them to file a response on the merits. Defendants contend that the court should rule on the issue of exhaustion before requiring the defendants to respond on the merits.

Plaintiff alleges that he was effectively denied access to the grievance procedure and therefore was unable to exhaust his claims. Specifically, he alleges prison officials refused to provide him with the necessary forms and/or failed to respond to his grievances related to the alleged assault on August 6, 2004.[1] Defendants flatly deny plaintiff's contention and argue that there is no record of plaintiff having any complaints or grievances regarding the August 2004 incident until, at the earliest, January 2005, after the time period for grieving the incident had expired. Accordingly, there exists an issue of fact as to whether prison officials prevented the plaintiff from utilizing the prison grievance system and thereby excused plaintiff from the requirement that he exhaust administrative remedies prior to bringing his § 1983 claims. See

---

[1] In support of his claims, plaintiff has submitted to the court complaint forms, dated August 15, 2004 and November 11, 2004, which state he was assaulted and needed medical attention. Plaintiff alleges that in addition to his verbal requests for the appropriate forms, he submitted these complaints to various prison personnel regarding the assault. However, there is no indication that these forms were received or responded to by the appropriate prison officials.

Johnson v. Garraghty, 57 F.Supp. 321, 328-329 (E.D.Va. 1999). And, as the court must believe all the evidence of the non-movant and draw all justifiable inferences in the non-movant's favor, the court must assume plaintiff did attempt to utilize the prison grievance procedure but was denied access to that system. Estate of Kimmell v. Seven Up Bottling Co., 993 F.2d 410, 412 (4th Cir. 1993); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Accordingly, at this time the court is precluded from entering summary judgment on this issue. See id.

Furthermore, as indicated in this court's previous orders, the court finds that judicial economy does not support holding an evidentiary hearing at this time regarding the issue of exhaustion of administrative remedies.[2] Accordingly, defendants' motion for reconsideration is hereby **DENIED** and defendants are hereby **DIRECTED** to submit a response on the merits of plaintiff's claims within thirty (30) days of the entry of this order.

The Clerk of the Court is directed to send certified copies of this Order to plaintiff and to counsel of record for the defendants.

**ENTER:**    This 10th day of November, 2005.

UNITED STATES MAGISTRATE JUDGE

---

[2] The court notes that due to repeated "technical difficulties" this court experienced during the October 18, 2005 evidentiary hearing, attempting to hold a second hearing via video conferencing in this matter is not feasible. Furthermore, as plaintiff is housed in Lewisburg, Pennsylvania, plaintiff's inmate witness is housed in Jonesville, Virginia, and all non-inmate witnesses are located in Jonesville, Virginia considerable expense will be incurred in transporting the plaintiff and witnesses to Roanoke, Virginia for an evidentiary hearing.