# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MICHAEL E. MONTGOMERY**, | ) |
| Plaintiff, | ) Case No. 7:05CV00131 |
| v. | ) **OPINION AND ORDER** |
| **S.I.A. JOHNSON, ET AL.**, | ) By: James P. Jones |
| Defendants. | ) Chief United States District Judge |

*Michael E. Montgomery, Plaintiff Pro Se; Julie C. Dudley, First Assistant United States Attorney, Roanoke, Virginia, for Defendant Gregory Bondurant.*

In this pro se *Bivens* action by a federal prison inmate, the court is presented with defendant Gregory Bondurant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment, and plaintiff Michael E. Montgomery's Amended Complaint in which Montgomery identifies new defendants and claims.[1] Upon review of the record, I find that Bondurant's motion must be granted and that portions of Montgomery's Amended Complaint must be dismissed, pursuant to 28 U.S.C.A. § 1915A(b)(1) (West 2006), for failure to state an actionable claim.[2]

---

[1] Because Montgomery is proceeding pro se, I will construe the Amended Complaint as incorporating his original Complaint by reference.

[2] Defendant Bondurant has also filed a Motion to Dismiss Montgomery's Amended Complaint as premature, because Montgomery filed it before receiving court-ordered discovery concerning officers involved in the claim that remains before the court in this case. Montgomery objected to Bondurant's motion, stating that he obtained the information he needed for the Amended Complaint from the attachments to Bondurant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Because the plaintiff is pro se, I must afford him a certain procedural latitude, and I thus will deny this Motion to Dismiss regarding the Amended Complaint.

I

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Upon motion for summary judgment, the court must view the facts, and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Rule 56(c) mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists if reasonable jurors could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the non-moving party may not rest on the mere allegations or denials of the pleadings. Fed. R. Civ. P. 56(e). Instead, the non-moving party must respond by affidavits or otherwise and present specific facts from which a jury could reasonably find for either side. *Anderson*, 477 U.S. at 256-57. Detailed factual allegations in a verified, pro se complaint may be sufficient to withstand a motion for summary judgment with supporting affidavits containing a conflicting version of the facts. *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979). Where a pro se plaintiff fails to respond to a defendant's specific

evidence contradicting the conclusory allegations of his pleadings, however, the defendant is entitled to summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990) (noting that "Rule 56(e) requires that the party opposing summary judgment must set forth specific facts showing that there is a genuine issue for trial"; "conclusory" allegations unsupported by "specific" evidence are insufficient to establish genuine issue) (citation omitted); *Causey v. Balog*, 162 F.3d 795, 802 (4th Cir. 1998) (affirming grant of summary judgment because plaintiff's conclusory statements, without specific evidentiary support, were insufficient to create genuine issue of triable fact).

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, the Supreme Court recognized that federal courts have authority under 28 U.S.C. § 1331 (West 2006) to award monetary damages to persons who prove deprivation of constitutional rights through the conduct of federal officials. 403 U.S. 388, 392 (1971); see *also Carlson v. Green*, 446 U.S. 14, 23 (1980) (applying *Bivens* in prison context). "In a *Bivens* suit, there is no *respondeat superior* liability. Instead, liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (citations omitted).

This court (Jackson L. Kiser, J.) earlier denied summary judgment on two issues arising from Montgomery's Complaint—(1) the excessive force claim against defendant Bondurant based on the decision to leave Montgomery in four-point restraints for eighteen hours on August 6 and 7, 2004; and (2) whether that claim is

-3-

barred because of a failure to exhaust administrative remedies.[3] Because the cause of action arose at the United States Penitentiary in Lee County, Virginia ("USP Lee"), Judge Kiser transferred the case to my docket, and I set the matter for trial at the United States Courthouse in the Big Stone Gap division of this court.

Defendant Bondurant then filed this second Motion for Summary Judgment, for the first time offering his work records as evidence that he was on vacation on August 6 and 7, 2004, when the alleged excessive force occurred. The court notified Montgomery of the motion, and he filed a response, along with a Motion for Leave to Amend in order to identify other defendants. Finding that justice required continuation of the scheduled trial in this matter so that Montgomery could engage in discovery and amend his pleadings to identify the correct defendant, I canceled the scheduled trial and granted him leave to amend. *See Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978) (finding that when pro se litigant alleges cause of action that may be meritorious against persons unknown, district court should "afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted" and allow him to amend his pleadings to bring that person or persons before the court). He has now filed an Amended Complaint.

The only claim involved in the present Motion for Summary Judgment is that Bondurant, a captain at USP Lee, personally ordered that Montgomery be held for many hours in four-point restraints on August 6 and 7, 2004. In his initial pleadings,

---

[3] Judge Kiser dismissed or granted summary judgment as to all other issues raised in the Complaint. *See Montgomery v. Johnson*, No. 7:05CV00131, 2007 WL 473984 (W.D. Va. Feb. 7, 2007).

-4-

Montgomery alleged that Bondurant had not only authorized his placement in four-point restraints on August 6, but also bore ultimate responsibility for the decision to leave Montgomery in restraints for eighteen hours thereafter. Montgomery alleged that Bondurant was present at the prison at 7:35 a.m. on August 7, 2004, personally reviewed video footage of Montgomery's behavior while in restraints in the preceding hours, and determined that he should remain in restraints. In his initial Motion for Summary Judgment on the merits of this claim, Bondurant stated that he was not present at the institution on August 6 and 7, 2004. Based on this record, Judge Kiser found a genuine issue of material fact in dispute as to whether Bondurant was involved in the continuation of the restraints incident on those dates and denied summary judgment.

The undisputed evidence now establishes, however, that Bondurant was on vacation during this period. Clearly, this evidence directly contradicts Montgomery's allegations that Bondurant authorized the continued use of restraints. Montgomery does not offer any specific evidence in contradiction of the vacation records to show that Bondurant was, in any way, personally involved in the decision to continue holding Montgomery in restraints on August 6 and 7, 2004. Without proof of his personal involvement in the decision, Bondurant could not be held automatically liable under *Bivens* based merely on his position as a ranking officer, even if the fact finder later concludes at trial that one or more of his subordinates used excessive force in violation of Montgomery's rights. Because I find no genuine issue of

-5-

Case 7:05-cv-00131-JPJ-PMS   Document 173   Filed 07/05/07   Page 5 of 13   Pageid#: 1105

material fact in dispute, I conclude that Bondurant is entitled to judgment as a matter of law and accordingly, will grant his Motion for Summary Judgment.

II

In his Amended Complaint, Montgomery alleges the following claims:

1. Glen Friss, lieutenant in the special housing unit from June through August 2004, failed to ensure that Montgomery was provided with clean clothes, cleaning supplies, toothbrush, and toothpaste, and failed to ensure that Montgomery received regular reviews of his segregation status;

2. Warden Bledsoe was the "head official" at USP Lee during June through August 2004, when Montgomery was not provided with clean clothes, cleaning supplies, toothbrush, and toothpaste, and did not receive regular reviews of his segregation status, access to his unit team, and access to administrative remedies; Bledsoe also used excessive force against Montgomery when he "chose" to have the inmate placed in four-point restraints and so held for eighteen hours and then for an additional lengthy period in ambulatory restraints, all without food or water or restroom breaks;

3. Captain Bondurant failed to correct unconstitutional conditions of confinement in the segregation unit during June through August 2004, and failed to ensure that Montgomery received regular reviews of his segregation status during June through October 2004;

4. Lieutenant Hatfield, as acting captain in August 2004, "should be held accountable for having the plaintiff four-pointed to a bed for eighteen hours and twelve hours in ambulatory restraints, without food, water, restroom breaks, a shower with soap, or clean clothes after he had been pepper sprayed;

5. S.I.S. Shults denied Montgomery a shower with soap after he had been pepper sprayed; when Montgomery was being placed in four points and begged to be allowed to wash off the pepper spray, Shults told him to "deal with it";

-6-

>    6. Lieutenant Corriveau led the officers who initially placed Montgomery in four-point restraints and then told Montgomery to "deal with it" when the inmate begged to be allowed to wash off the pepper spray;
>
>    7. Lieutenant Peltier forced Montgomery to endure cruel and unusual punishment in four-point restraints for eighteen hours; and
>
>    8. Lieutenant Lopez forced Montgomery to endure cruel and unusual punishment in four-point restraints for eighteen hours.

Montgomery also includes in his Amended Complaint a demand for a trial by jury.

In a civil action filed by a prisoner against government officials, a district court must immediately evaluate the viability of plaintiff's claims. *See* 28 U.S.C.A. § 1915A(b)(1). Under § 1915A(b)(1), a district court may, sua sponte, summarily dismiss a civil action for failure to state a claim if "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir.2005). In making this assessment, the court need not accept as true plaintiff's "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations." *Custer v. Sweeney*, 89 F.3d 1156, 1163 (4th Cir. 1996) (internal quotations and citation omitted). In the alternative, when a district court determines that the applicable statute of limitations unquestionably provides an affirmative defense to a prisoner civil action, the court may summarily dismiss that claim as frivolous, pursuant to § 1915A(b)(1), without accomplishing service on, or receiving

a response from, the defendant. *See Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955-56 (4th Cir. 1995) (en banc) (applying prior version of 28 U.S.C.A. § 1915). An amendment filed outside the statute of limitations may be timely, however, pursuant to Federal Rule of Civil Procedure 15(c), which allows amendments if they relate back to claims raised in the original complaint and new defendants have had appropriate notice of the claim. Fed. R. Civ. P. 15(c).

Judge Kiser addressed Montgomery's excessive force claim in three parts: (1) the initial use of force, (2) the initial decision to place Montgomery in four-point restraints, and (3) the subsequent decision to leave him in four-point restraints for a total of eighteen hours. The court granted summary judgment on parts (1) and (2), but denied summary judgment on part (3). *See Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996); *Sadler v. Young*, 325 F. Supp. 2d 689, 704 (W.D. Va. 2004), *rev'd on other grounds*, 118 F. App'x 762 (4th Cir. 2005) (unpublished). Once it seemed likely than Bondurant was not the officer responsible for keeping Montgomery in restraints, however, I granted Montgomery an opportunity to submit an Amended Complaint only as to this one claim to add as defendants other individuals who were responsible for the alleged violation.

In Claims 7 and 8 of the Amended Complaint, Montgomery names Lieutenants Peltier and Lopez as defendants to this claim. Evidence in the record indicates that these officers were on duty on August 6 and 7, 2004, were responsible for evaluating Montgomery's behavior while he was in restraints, and allowed him to remain in restraints for many hours. Moreover, the allegations are based on the same facts and

legal authority as the excessive force claim on which Judge Kiser denied summary judgment and so relate back to that timely raised claim, pursuant to Rule 15(c). Therefore, I find that Montgomery could conceivably prove his claims against these defendants and that the claims relate back to the timely raised excessive force claim that remains before the court, and as such, I find that the claims against these defendants survive screening under § 1915A(b)(1).

In Claims 5 and 6 of the Amended Complaint, Montgomery sues S.I.S. Shults and Lieutenant Corriveau for knowingly allowing him to remain in restraints without alleviating the pain he was suffering from the residual effects of pepper spray. Montgomery also raised these allegations in his original Complaint. Judge Kiser found Montgomery's evidence insufficient to prove that he suffered ill effects from the pepper spray for the entire eighteen hours of the restraint period, but at the same time, recognized the painful burning initially caused by the spray. Defendants' evidence indicates that the effects of pepper spray dissipate "quickly," but does not offer any time estimate. Montgomery may be able to prove that because Shults and Corriveau took insufficient action to get Montgomery fully decontaminated after he complained to them as he was being restrained, the pain from the pepper spray continued at a more than de minimis level during a portion of the restraint period when he was held in violation of the Eighth Amendment.[4] Therefore, taking matters

---

[4] Montgomery does not allege facts suggesting that these defendants played any role in the decision to continue him in restraints, and the record indicates that they did not. Thus, Montgomery's claim here is limited to the officers' failure to get him fully decontaminated before he was left for a long period to suffer the effects of the pepper spray while in restraints.

-9-

in the light most favorable to Montgomery, I find that Claims 5 and 6 of the Amended Complaint relate back to the timely raised excessive force claim that remains before the court, and as such, I find that the claims against these defendants survive screening under § 1915A(b)(1).

Montgomery also named supervisory defendants to the excessive force claim in the Amended Complaint, namely Warden Bledsoe and Lieutenant Hatfield. I find that he is seeking to hold these defendants liable for the continuation of four-point restraints merely because of their supervisory status. He does not allege any specific facts indicating that either of these defendants had personal involvement in the decision to maintain Montgomery in restraints for a lengthy period of time on August 6 and 7, 2004,[5] or that these supervisory defendants had promulgated any policy on which their subordinates acted in maintaining the restraints after Montgomery was allegedly no longer a security threat. Without any alleged facts indicating that Bledsoe and Hatfield were personally involved in the decisions to continue the restraints, Montgomery's conclusory assertion that these defendants "chose" to leave him in restraints is not sufficient to state a *Bivens* claim against them in this case. Because Bledsoe and Hatfield cannot be held liable under *Bivens* merely because they have supervisory status over the alleged wrongdoers, I will summarily dismiss

---

[5] Lieutenant Hatfield expressly states that he had no involvement in the decision to continue the restraints. To the extent that Montgomery attempts to add a claim that Bledsoe and Hatfield used excessive force in the initial decision to apply the four-point restraints, I must dismiss the claim because Judge Kiser has already determined that this use of force was not unconstitutional under the circumstances.

-10-

Claims 2 and 4 of the Amended Complaint without prejudice, pursuant to § 1915A(b)(1), as to the four-point restraints incident.

Montgomery also seeks to impose supervisory liability on Warden Bledsoe, Glen Friss, Captain Bondurant, and Lieutenant Hatfield for other alleged constitutional violations that occurred before and after the four-point restraints incident. He complains about lack of sanitation and hygiene materials, inadequate access to administrative remedies, and inadequate reviews of his segregation status. He also alleges that Bledsoe and Hatfield used excessive force when they "ordered" that Montgomery be held in ambulatory restraints for several hours after his release from four-point restraints.

These claims fall outside the narrow issue on which I granted Montgomery leave to amend. Moreover, he is once again seeking to impose *Bivens* liability on defendants merely because of their supervisory status without alleging any specific facts concerning their knowledge of, or involvement with, the conditions of which he complains. In addition, the events on which these claims are based occurred between June and October 2004, more than two years before Montgomery raised them in his Amended Complaint filed in May 2007. As these claims are based on different legal theories and different facts than the claims in his original Complaint,[6] I find that they do not relate back to the timely claims, pursuant to Rule 15(c), and

---

[6] In his initial Complaint, Montgomery claimed that he had been wrongfully punished for a peaceful "sit-in" he and other inmates staged because Montgomery believed that prison officials were withholding his mail. The Complaint did not, however, raise any legal claims about other living conditions, the administrative review process in the segregation unit, or ambulatory restraints.

-11-

are barred by the applicable, two-year statute of limitations.[7] For the stated reasons and pursuant to § 1915A(b)(1), I will summarily dismiss Claims 1, 2, 3, and 4 of the Amended Complaint to the extent that they allege claims other than excessive force through the continuation of four-point restraints.

III

For the reasons set forth, it is **ORDERED** as follows:

1. Defendant Bondurant's Motion for Summary Judgment (Dkt. No. 152) is **GRANTED** and judgment is entered in his favor in this action;

2. Claims 1, 2, 3, and 4 of plaintiff's Amended Complaint are hereby **DISMISSED** pursuant to 28 U.S.C.A. § 1915A(b)(1) and accordingly, the clerk shall terminate all defendants from the action except the defendants named in Claims 5, 6, 7, and 8 of the Amended Complaint ( Deborah Peltier, Carlos Lopez, S.I.S. Shultz, and Lieutenant Corriveau);

---

[7] In a civil rights case brought in Virginia, if an inmate has not delivered his complaint to prison officials for mailing within the two-year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred from bringing suit. *See Owens v. Okure*, 488 U.S. 235, 239-40 (1989) (finding that because no federal statute of limitations applies to civil rights cases brought pursuant to 42 U.S.C.A. § 1983, such cases are governed by state statute of limitations applicable for general personal injury cases in state where alleged violation occurred); Va. Code Ann. § 8.01-243(a) (Michie 2000) (providing two-year limitation period for personal injury cases not covered by any other state statute); *Blanck v. McKeen,* 707 F.2d 817, 819 (4th Cir. 1983) (finding that Virginia's two-year statute of limitations for personal injury cases applies in civil rights actions against federal officials).

3. Because defendants newly added to the lawsuit in the Amended Complaint have not yet filed responsive pleadings, I find that Montgomery's demand for a jury trial is timely filed;[8]

4. All other pending motions (Dkt. Nos. 148, 166, and 167) are **DENIED**; and

5. The clerk shall attempt service of process upon defendants Deborah Peltier, Carlos Lopez, S.I.S. Shultz, and Lieutenant Corriveau by mailing a notice of waiver of service of summons and a copy of the Amended Complaint to each of those defendants at USP Lee,[9] and sending a copy of all such documents by registered or certified mail to the civil process clerk at the Office of the United States Attorney in Roanoke and to the Attorney General in Washington, D.C.

ENTER: July 5, 2007

/s/ JAMES P. JONES
Chief United States District Judge

---

[8] *See* Fed. R. Civ. P. 38(b).

[9] *See* Fed. R. Civ. P. 4(i)(2)(B).