# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MICHAEL E. MONTGOMERY**, | ) |
| Plaintiff, | ) Case No. 7:05CV00131 |
| v. | ) **OPINION AND ORDER** |
| **S.I.A. JOHNSON, ET AL.**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendants. | ) |

*Michael Montgomery, Pro Se Plaintiff; Sara Bugbee Winn, Assistant United States Attorney, Roanoke, Virginia, for Defendants.*

In this *Bevins* action by a federal prison inmate against correctional officers, the defendants have filed motions seeking certification of an issue for interlocutory appeal and a continuation of the existing stay of discovery. Upon a review of the record, I will deny the motions.

By Opinion and Order entered September 27, 2008, I denied summary judgment to defendants Deborah Peltier and Carlos Lopez and directed that the case be set for trial. *Montgomery v. Johnson*, 71 Fed. R. Serv. 3d (West) 1070 (W.D. Va. 2008). The defendants had argued that plaintiff Montgomery's late amendment naming them as defendants to the action did not relate back to his timely filed Complaint and thus was barred by the applicable statute of limitations. I held that the amendment related back to the Complaint under Federal Rule of Civil Procedure

15(c)(2). I also found that the facts did not permit summary judgment to these defendants on the ground of qualified immunity.[1] Peltier and Lopez filed an interlocutory appeal of the denial of qualified immunity, and I stayed discovery pending completion of the appeal proceedings.[2]

On December 23, 2008, the court of appeals, on the motion of the defendants, dismissed the qualified immunity appeal and the defendants have now moved the court to certify the separate statute of limitations issue for interlocutory appeal, pursuant to 28 U.S.C.A. § 1292(b) (West 2006).[3] They also move for continuation of the stay of discovery "while the Court determines whether to certify the Rule 15(c) issue for immediate appeal." (Mot. Continue Stay 1.) The motion indicates that counsel for plaintiff (who has not yet made an appearance in this court) has no objection to the continuation of the stay.[4]

Section 1292(b) provides that a district court may certify an order for interlocutory appeal if (1) the order involves a controlling question of law; (2) there

---

[1] Summary judgment was granted to two other defendants on the basis of qualified immunity.

[2] An interlocutory appeal of the denial of a claim of qualified immunity is permitted, where it turns on an issue of law. *Iko v. Shreve*, 535 F.3d 225, 234 (4th Cir. 2008).

[3] Federal Rule of Appellate Procedure 5(a)(3) permits a party to move the district court to amend a prior order to include the required certification.

[4] Counsel for the plaintiff did enter an appearance in the court of appeals.

-2-

is substantial ground for difference of opinion on the issue; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C.A. § 1292(b). Such certifications are the exception and not the rule, because they depart from the well-established policy limiting appeals to final judgments. *Terry v. June*, 368 F. Supp. 2d 538, 539 (W.D. Va. 2005).

In the present case I cannot find that an appeal at this point would materially advance the ultimate termination of the litigation. The delay in the resolution of this case caused by the defendants' prior abortive appeal does not justify further delay. *See Ferraro v. Sec'y of U.S. Dep't of Health & Human Servs.*, 780 F. Supp. 978, 979 (E.D.N.Y. 1992) (holding that delay in a request for certification is one factor to consider in determining whether an immediate appeal may materially advance the termination of the litigation). The factual issues in the present case are not complex and may be resolved in limited trial time. In the event that the defendants are found liable after such a trial, they may then seek appellate review of the statute of limitations issue.

For the stated reasons, it is **ORDERED** as follows:

1. Defendants' Motions (Dkt. Nos. 227 and 232) are DENIED;
2. The previously imposed stay of discovery is vacated;
3. Counsel for plaintiff is directed to enter an appearance in this

court within ten days from entry of this order;

4. Once counsel for the plaintiff has entered an appearance, the clerk will set the case for trial; and

5. The clerk will mail copies of this Opinion and Order to the plaintiff at his place of incarceration and to Neal L. Walters, 418 E. Water Street, Charlottesville, VA 22902.

ENTER: December 30, 2008

/s/ JAMES P. JONES
Chief United States District Judge