# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **MICHAEL E. MONTGOMERY**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:05CV00131 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **S.I.A. JOHNSON, ET AL.,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

*Lonnie D. Nunley, III, Carrie B. Freed, and Dustin M. Paul, Hunton & Williams, LLP, Charlottesville, Virginia, for Plaintiff; Julia C. Dudley, United States Attorney, Sara Bugbee Winn, Assistant United States Attorney, Roanoke, Virginia, and Paul E. Werner, Trial Attorney, Civil Division, Torts Branch, U.S. Department of Justice, Washington, D.C., for Defendants Deborah Peltier and Carlos Lopez.*

The plaintiff Michael E. Montgomery, acting pro se, filed this action for monetary damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that he had been subjected to cruel and unusual punishment while incarcerated at the United States Penitentiary Lee County ("USP Lee"), located in this judicial district.

Following protracted pretrial proceedings, defendants Deborah Peltier and Carlos Lopez, supervisors at USP Lee, remain the sole defendants, based on the claim that they authorized Montgomery's continuation in four-point restraints after he no longer posed any threat to good order in the prison. Counsel has now appeared for Montgomery, and that counsel has filed a Motion for Reconsideration of Dismissal of Claims Arising Out of Use of Ambulatory Restraints and a Motion for Leave to File an Amended Complaint. For the reasons that follow, those motions will be granted.

I

In the proposed Second Amended Complaint, the following claims are asserted:

1.    Bryan Bledsoe, Warden at USP Lee, authorized his subordinates
      to place and hold Montgomery unnecessarily in four-point
      restraints for 19 hours and then in ambulatory restraints for an
      additional 30 hours, in order to punish him;

2.    Lt. Deborah Peltier continued holding Montgomery unnecessarily
      in four-point restraints and then in ambulatory restraints in order
      to punish him;

3.    Lt. Carlos Lopez continued holding Montgomery unnecessarily
      in four-point restraints and then in ambulatory restraints in order
      to punish him;

4.    Lt. David Grieve continued holding Montgomery unnecessarily
      in four-point restraints in order to punish him; and

5.    Lt. Glenn Friss continued holding Montgomery unnecessarily in
      ambulatory restraints in order to punish him.

The defendants Bledsoe, Grieve and Friss are new, and the claims against defendants
Peltier and Lopez are expanded to include ambulatory restraints.  Peltier and Lopez
object on several grounds to Montgomery's motions.

AMBULATORY RESTRAINTS.

The defendants argue that Montgomery has never asserted a claim of excessive
force related to the use of ambulatory restraints. Montgomery contends that his

-2-

excessive force claims have always included the total restraint period, including the hours in ambulatory restraints.

Upon review of the record, I agree that the ambulatory restraints issue was raised in the initial pleading and was thereafter expanded upon in later submissions. In his Report and Recommendation regarding the merits of the excessive force claim, the magistrate judge expressly addressed the period of ambulatory restraints as an important aspect of the total use of force against Montgomery. (Report 4, 8-9, Nov. 17, 2006.) I believe the issue was later inadvertently removed from the case because of the disabilities Montgomery faced in prosecuting his case pro se and the resulting inartful nature of his submissions. Therefore, I find it appropriate to grant the Motion for Reconsideration of Dismissal of Claims Arising Out of Use of Ambulatory Restraints.

## NEW DEFENDANTS.

The defendants argue that because Montgomery chose *not* to name Lt. David Grieve as a defendant in his earlier pro se complaints, Montgomery should be foreclosed now from adding this defendant to the four-point restraints claim. Given Montgomery's pro se status at the time, however, I do not find it appropriate to deny the amendment as to Grieve on the ground that the plaintiff intentionally omitted Grieve as a defendant.

The defendants also contend that the claims concerning ambulatory restraints and all of the claims against the new proposed defendants Bledsoe, Grieve and Friss are futile because they are barred by the applicable statute of limitations. I disagree.

-3-

In Virginia, *Bivens* actions fall under Virginia's two-year statute of limitations for personal injury contained in Virginia Code Ann. § 8.01-243(A) (Supp. 2008). *Blanck v. McKeen,* 707 F.2d 817, 819 (4th Cir. 1983); *Shelton v. Angelone*, 148 F. Supp. 2d 670, 677 (W.D. Va. 2001) (citing *Owens v. Okure*, 488 U.S. 235, 239-40 (1989)). Despite being filed outside the limitation period, however, an amendment may relate back to timely filed claims under certain circumstances set forth in Rule 15(c) of the Federal Rules of Civil Procedure.

For reasons stated in my earlier opinion allowing the addition of defendants Peltier and Lopez, I find that the amended claims against Bledsoe, Grieve, and Friss relate back to timely filed claims, pursuant to Rule 15(c)(1)(C) and (c)(2), and thus are not barred by the statute of limitations. *See Montgomery v. Johnson*, No. 7:05CV00131, 2008 WL 4452465, at *3-7 (W.D. Va. Sept. 27, 2008). The defendants do not argue that Montgomery's initial complaint was untimely filed, and counsel who has defended this case from its inception has had ample opportunity to gather and preserve evidence. Therefore, I do not find that the new defendants will be unduly prejudiced in defending the amended claims.

As stated, because the ambulatory restraints issue arose in the initial complaint and was later inadvertently removed from the litigation, I will reinstate this issue to the case. Therefore, the amended claims regarding use of ambulatory restraints "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading" and relate back to that initial pleading, pursuant to Rule 15(c)(1)(B).

QUALIFIED IMMUNITY.

The defendants assert that the amended complaint would be futile because they and the new defendants are entitled to qualified immunity against Montgomery's ambulatory restraints claim.[1]  *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). Specifically, they assert that Montgomery's allegations themselves do not satisfy the objective and subjective elements of an excessive force claim as defined by the Supreme Court in *Whitley v. Albers*, 475 U.S. 312, 319 (1986), and that in any event it was not clearly established at the time of these events that the use of ambulatory restraints for a protracted period of time as punishment by correctional officials violated an inmate's constitutional rights.

Contrary to the defendants' argument,  I find that the proposed Second Amended Complaint contains sufficient allegations so that at this stage I cannot determine that its filing would be clearly futile.

WARDEN BLEDSOE.

Because the amended claims against Warden Bledsoe concern a use of force that the court has previously found constitutional, defendants argue that the amended claims against him are futile.  Montgomery asserts that through discovery in preparation for trial, counsel has learned that the warden was present during the initial application of force and was personally involved in authorizing the subsequent use

---

[1] They also ask me to revisit my earlier decision overruling defendant Peltier's motion for summary judgment based on qualified immunity as to the four-point restraint claim and to declare futile the same claim against the new defendant Grieve because of qualified immunity.  However, I agree with the plaintiff that my analysis of the four-point restraint claim has not changed from my earlier ruling.

-5-

of restraints against Montgomery, facts that had not been revealed to plaintiff earlier in the case. Given the newly discovered facts presented in support of the amended claims, I do not find the claims to be barred by the court's previous holding that the initial application of four-point restraints was constitutional. I also find that Montgomery has made sufficient allegations of Warden Bledsoe's responsibility for use of restraints against an inmate for lengthy periods of time and his personal involvement in the use of restraints in this case so as to foreclose defendants' argument that the claims against him are based solely on the doctrine of respondeat superior. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (finding supervisory liability under §1983 where evidence established affirmative causal link between supervisor's inaction and constitutional injury subordinates inflicted on plaintiff). Because the claims against Bledsoe are not clearly futile, I will allow the amendment as to this defendant.

## II

For the reasons stated, it is **ORDERED** as follows:

1.   Plaintiff's Motion for Reconsideration of Dismissal of Claims Arising Out of Use of Ambulatory Restraints is GRANTED; and

-6-

2.     Plaintiff's Motion for Leave to File an Amended Complaint is
       GRANTED.


                          ENTER: August 24, 2009


                          /s/ JAMES P. JONES
                          Chief United States District Judge